IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Theo's Pizza, LLC, | ) |
| | ) Civil Action Number: 3:17-cv-0039-MBS |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Integrity Brands, LLC, | ) ORDER AND OPINION |
| | ) |
| Defendant. | ) |
| | ) |

Theo's Pizza, LLC ("Plaintiff") sued Integrity Brands, Inc. ("Defendant") in South Carolina state court for violation of Business Opportunity Sales Act (S.C. Code Ann. §§ 39-57-10 *et seq.*), declaratory judgment, and in the alternative, breach of contract. ECF No. 1-1. Defendant removed to federal court on the basis of diversity jurisdiction. ECF No. 1; *see* 28 U.S.C. § 1332. Defendant then moved to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b). ECF No. 9. Defendant argues that Plaintiff's claims are directly related to a contract requiring binding arbitration in the State of Georgia. *Id.* at 1. Plaintiff opposes the motion. ECF No. 11. Plaintiff disputes there is a signed contract requiring arbitration. *Id.* at 1.

I.     FACTUAL BACKGROUND

Defendant is involved in the sale and development of pizza restaurant franchises under the trademark of "Uncle Maddio's Pizza Joint." Defendant is based in Georgia. Plaintiff is a South Carolina limited liability company owned by Ted and Marcia Contos. Plaintiff's owners own another limited liability company named "Thea and Theo's LLC." ECF No. 11-2.

In April 2012, Defendant entered into a Market Development Agreement (the "Agreement") with Thea and Theo's LLC. ECF No. 9 at 1. The Agreement requires arbitration

1

for various types of disputes. ECF No. 9-1 at 12. The Agreement is not equivalent to a franchise agreement. The Agreement notes that a separate franchise agreement should be executed prior to opening and operating a restaurant. ECF No. 9-1 at 5. In Spring 2013, Plaintiff began operating as an "Uncle Maddio's Pizza Joint" franchisee but without a signed franchise agreement. ECF No. 1 at ¶ 10. In March 2014, Mr. Contos sent an email to Tony Brewer, who works for Defendant, noting that Defendant brought up signing the franchise agreement on "at least three different occasions" but Mr. Contos stated he "cannot execute any agreement that places us in more financial hardship and very frankly removes any responsibility of [Defendant] by a document that is very one-sided to the benefit of [Defendant]." ECF No. 11-3 at 3. Mr. Contos attached an amended, executed franchise agreement to his email. *Id.* As pertinent here, the proposed, signed franchise agreement eliminated "Section 31: Government Law and Enforcement," which provided the requirement to enter into arbitration. *See* ECF No. 11-3 at 3; ECF No. 9-2 at 39-41. Defendant acknowledges there is no signed franchise agreement. ECF No. 9 at 6.

**II.     ANALYSIS**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, governs whether a party must submit a dispute to arbitration. The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist in law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Fourth Circuit Court of Appeals has stated that to compel arbitration, Defendant must demonstrate (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision that purports to cover the dispute; (3) the relationship of the

transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect, or refusal of Plaintiff to arbitrate the dispute. *See Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-01 (4th Cir. 2002); *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

Even though courts view arbitration agreements favorably, an "underlying agreement between the parties to arbitrate" must exist. *Arrants v. Buck*, 130 F.3d 636, 640 (4th Cir. 1997). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002). Arbitration agreements are required because parties are agreeing to waive their fundamental right to have a court decide the merits of their disputes. *See First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 942 (1995).

A court determines the existence of an agreement by the parties to arbitrate "according to common law principles of contract law." *Arrants*, 130 F.3d at 640. Federal courts sitting in diversity apply state contract law principles when determining whether a valid arbitration agreement exists. *First Options*, 514 U.S. at 944. In South Carolina, the necessary elements for a contract are offer, acceptance, and valuable consideration. *Roberts v. Gaskins*, 486 S.E.2d 771, 773 (S.C. 1997). Contracts may also be implied by conduct. *See Conner v. City of Forest Acres*, 363 S.E.2d 905, 912 (S.C. 2005).

Defendant and Plaintiff provide no evidence that Defendant accepted Plaintiff's offered contract or that Plaintiff accepted Defendant's offered contract. Defendant argues that it is "impossible for Plaintiff to operate a restaurant without the permission of Defendant and Developer." While it may be impossible for Plaintiff to operate without permission of Defendant, that does not signify Plaintiff signed a contract or otherwise agreed to submit disputes to arbitration. The court will not impute an agreement to arbitrate where Plaintiff has not explicitly

agreed to do so. In fact, Plaintiff refused in March 2014 to sign the franchise agreement with an arbitration agreement. ECF No. 11-3. Plaintiff's restaurant has continued operating since the date of the March 2014 email and was operating for over a year prior without a written contract. *See id.*

Defendant next argues that the Agreement signed by Thea and Theo's LLC is applicable to the current dispute between Plaintiff and Defendant. ECF No. 9 at 6. Defendant conclusively argues that Plaintiff is basing its claim on "rights and privileges granted by the [Agreement] and the Franchise Agreement"; therefore, Plaintiff is bound by the arbitration clause. *Id.* at 6-7. Defendant has provided no factual or legal support on how an agreement with a separate legal entity applies to Plaintiff. The court finds that there was no underlying agreement to arbitrate.

### III. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss for lack of personal jurisdiction is **DENIED.**

                                              s/ Margaret B. Seymour
                                              The Honorable Margaret B. Seymour
                                              Senior United States District Court Judge

May 3, 2017
Columbia, South Carolina